COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-09-00287-CR |
| § | |
| EX PARTE:  JOSE CARMONA | § |
| § | Appeal from |
| § | 168th District Court |
| § | of El Paso County, Texas |
| § | (TC # 20070D01580) |
| § | |

## O P I N I O N

Jose Carmona appeals the trial court's order denying his application for writ of habeas corpus.  We affirm.

## FACTUAL SUMMARY

A grand jury indicted Appellant for two counts of sexual assault and the case was tried to a jury on July 30-31, 2008.  On August 25, 2009, Appellant filed an application for writ of habeas corpus on double jeopardy grounds alleging that the court declared a mistrial because the jury was unable to reach a verdict.  Appellant also asserted that the prosecutor made manifestly unfair arguments by arguing matters outside of the record.  Following a hearing, the trial court denied Appellant's request for habeas corpus relief.

## DOUBLE JEOPARDY

In his sole issue, Appellant contends that the prosecutor intentionally provoked a mistrial by making an improper final argument, and therefore, retrial of the case is barred by the Double Jeopardy Clause.  An applicant seeking habeas corpus relief must prove his claim by a preponderance of the evidence.  *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006);

*Ex parte Morrow*, 952 S.W.2d 530, 535 (Tex.Crim.App. 1997). In reviewing a trial court's decision on an application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling, and we will uphold the ruling absent an abuse of discretion. *Kniatt*, 206 S.W.3d at 664; *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex.Crim.App. 2007).

The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense. *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982); *Ex parte Peterson*, 117 S.W.3d at 810. Double jeopardy principles do not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that: (1) was justified under the manifest necessity doctrine; or (2) was requested or consented to by the defense, absent prosecutorial misconduct which forced the mistrial. *Oregon v. Kennedy*, 456 U.S. at 672, 102 S.Ct. at 2087; *Peterson*, 117 S.W.3d at 810-11. A mistrial declared by the trial court after the jury declares it cannot reach a verdict is the prototypical example of manifest necessity. *Oregon v. Kennedy*, 456 U.S. at 672, 102 S.Ct. at 2087. As a general rule, when a mistrial is granted at the defendant's request, double jeopardy principles do not bar a retrial. *Id.*, 456 U.S. at 672-73, 102 S.Ct. at 2088. The Fifth Amendment's Double Jeopardy Clause will bar retrial after a defendant successfully moves for mistrial only when it is shown that the prosecutor engaged in conduct that was "intended to provoke the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. at 679, 102 S.Ct. at 2091. To be entitled to habeas corpus relief on double jeopardy grounds, Appellant was required to establish by a preponderance of the evidence that he: (1) moved for mistrial based on prosecutorial misconduct; (2) the motion was successful; and (3) the prosecutor's conduct was intended to provoke him into moving for a mistrial. *See id.*

Appellant did not allege in his writ application or offer any proof at the hearing that he

successfully moved for a mistrial on grounds of prosecutorial misconduct. In fact, Appellant stated in his writ application that the mistrial was granted because the jury could not reach a verdict. Likewise, Appellant states in his brief that the trial court denied his request for a mistrial after the court sustained his objection to the prosecutor's argument. He also states that a mistrial was declared because the jury was unable to reach a verdict. We have reviewed the reporter's record introduced into evidence by Appellant at the writ hearing and do not find anything to establish that Appellant successfully moved for a mistrial on grounds of prosecutorial misconduct. Accordingly, we find that Appellant failed to carry his burden of establishing by a preponderance of evidence that the trial court granted Appellant's request for a mistrial based on prosecutorial misconduct. Under these facts, the Double Jeopardy Clause does not bar retrial. The trial court did not abuse its discretion by denying the requested relief. We overrule Issue One and affirm the judgment of the trial court.


November 30, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.
Rivera, J., not participating

(Do Not Publish)